**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES HITSELBERGER,<br><br>Defendant. | Criminal No. 12-0231<br>RC/DAR |

**MEMORANDUM OF FINDINGS OF FACT**
**AND STATEMENT OF REASONS IN**
**SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by indictment with two counts of unlawful retention of national defense information in violation of 18 U.S.C. § 793(e).  *See* Indictment (Document No. 6).  The undersigned conducted a detention hearing on October 31, 2012.

Upon consideration of the proffers and arguments of counsel during the detention hearing, and the entire record herein, the undersigned ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person

and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). *See also United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.") (citation omitted).

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (noting that the Bail Reform Act "provides for pretrial detention if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required") (citations omitted).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III.  DISCUSSION

Counsel for both the government and Defendant proceeded by proffer. Counsel for the

United States v. Hitselberger                                                                                                              3

government also relied on its written proffer, which the undersigned incorporates herein by reference. *See* Government's Memorandum in Support of Detention ("Government's Memorandum"). Counsel for the government proffered that on April 11, 2012, Defendant was "caught removing classified documents from a secure facility" while working as a translator in Bahrain. *Id.* at 1. While searching Defendant's quarters later that day, agents discovered another classified document in his quarters. *Id.* Counsel for the government proffered that Defendant was subsequently interviewed by two law enforcement agents. Counsel for the government argued that after Defendant's employer ordered him to return to the United States, Defendant fled during a layover in Germany. Counsel for the government argued that at the time Defendant failed to board his flight to the United States, Defendant was aware that the FBI was investigating him.

Counsel for the government proffered that Defendant lived as a fugitive for approximately eight months, traveling to approximately five European countries. Counsel for the government argued that Defendant was able to support himself while abroad, noting that Defendant had sufficient funds during the eight-month period in question to purchase property in the United States for $19,000. Counsel for the government proffered that although the government was aware of Defendant's whereabouts during that time, the countries would not extradite him because the offense charged was characterized as a "political offense." When Defendant traveled to Kuwait to retrieve his belongings, the United States government took him into custody. Counsel for the government further proffered that Defendant had previously disseminated classified materials to the Archives of the Hoover Institute at Stanford University. *Id.* at 10-11.

Defendant, through counsel, requested that he be placed on electronic monitoring in the third-party custody of his aunt.  In support of his request, counsel for Defendant challenged the government's contention that Defendant was a fugitive.  Defendant's counsel proffered that there was no court order or law enforcement directive issued to Defendant, and accordingly, Defendant was not obligated to return to the United States.  Defendant's counsel also noted that Defendant was not in custody when he was interviewed by law enforcement agents in Bahrain.  Further, counsel for Defendant proffered that Defendant contacted his former employer in order to obtain his personal belongings which were left in Bahrain.  Counsel for Defendant also proffered that Defendant has never used an alias, has not used false identification documents, and has limited means to support himself.

In response, counsel for the government argued that Defendant has demonstrated his ability to live abroad and survive on his apparently modest means.  Counsel for the government proffered that Defendant has contacts abroad, and that his skills as a translator afford him a readily available means to secure income.

### IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated in Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance in court.

First, the nature and circumstances of the offenses charged indicate that on more than one occasion, Defendant removed classified documents containing sensitive materials related to national defense from secure facilities.

Second, for the reasons offered by the government, the undersigned finds that the weight of the evidence against Defendant is compelling. *See* Government's Memorandum at 13-15. The documents in question were recovered from Defendant's possession and his quarters. Further, while Defendant initially was charged by criminal complaint, a grand jury has since returned an indictment.

Third, Defendant's history and characteristics militate against pretrial release. The undersigned finds that Defendant fled when confronted with an investigation, and remained abroad for almost eight months, demonstrating a risk of fugitivity. Additionally, the undersigned finds that Defendant's pattern of residing in, and relocating to, various countries without ascertainable income bespeaks his ability to live abroad undetected with limited resources.

While the government concedes that Defendant has no history of violence and did not disseminate the classified information to a "foreign power," *see* Government's Memorandum at 18, the undersigned finds that Defendant's retention of classified documents poses a danger to the community by potentially compromising national security, *see id.* at 12 (providing examples of the classified information at issue, such as "current locations and activities of specific U.S. military units around the Middle East").

## V. **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 31, 2012 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

United States v. Hitselberger                                                                                                                  6

<u>November 5, 2012</u>
DATE


<u>October 31, 2012</u>
NUNC PRO TUNC