UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.:  12-cr-231 (RC) |
| | : | |
| JAMES HITSELBERGER, | : | Re Document No.:    40 |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

**DENYING DEFENDANT'S MOTION TO FIND 18 U.S.C. §793(E) UNCONSTITUTIONALLY VAGUE AS APPLIED**

## I. INTRODUCTION

Defendant, Mr. Hitselberger, has been charged by the United States of America on three counts of violating 18 U.S.C. §793(e), for willfully removing and retaining documents relating to the national defense. He has also been charged on three counts of violating 18 U.S.C. §2071(a), for willfully and unlawfully removing public documents from their secured location. Count one charges Mr. Hitselberger for the unlawful retention of two documents containing information relating to the national defense, found in his backpack on April 11, 2012. Count two charges Mr. Hitselberger for the unlawful retention of a third document containing information relating to the national defense, found in Mr. Hitselberger's room on April 11, 2012 and dated March 8, 2012. Count three charges Mr. Hitselberger for the unlawful retention of a fourth document containing information relating to the national defense, dated February 13, 2012.  Defendant now argues that 18 U.S.C. §793(e) is unconstitutionally vague as applied. Specifically, Mr. Hitselberger argues (1) that the phrase "relating to the national defense" covers too much information to draw a clear line between criminal and non-criminal conduct, (2) that the statute fails to specify what

constitutes a culpable *mens rea*, and (3) that the phrase "used to the injury of the United States" has no judicial gloss and is unconstitutionally vague.

## II. FACTUAL BACKGROUND

James Hitselberger is a 56-year-old linguist. He is fluent in Arabic, Farsi, and Russian. In June 2011, he was hired by Global Linguist Solutions, which assigned him to work for the United States Navy at a base in Bahrain. Mr. Hitselberger regularly worked with classified information. After being hired as a linguist, Mr. Hitselberger underwent training on the different types of classified information and the proper handling of such materials. Govt's Mem. in Supp. of Detention, 4, Dec. 12, 2012, ECF No. 13. At that time, Mr. Hitselberger was instructed that information classified at the Confidential level or higher could cause grave damage to the United States. *Id.* at Ex. 1

At the end of his training, Mr. Hitselberger signed a non-disclosure agreement, which acknowledged in relevant part, "I agree that I shall return all classified materials which have or may come into my possession or for which I am responsible because of such access." Govt's Mem. in Supp. of Detention, Ex. 4, at ¶7. Since his initial training, Mr. Hitselberger attended regularly scheduled security briefings in the Restricted Access Area. Govt's Mem. in Opp'n to Def's Mot. for Vagueness, 3, April 5, 2013, ECF No. 51. These sessions reiterated that classified information must not be removed from Restricted Access Areas. *Id*; Govt's Mem. in Supp. of Detention, Exs. 4–6. As of September 2011, Mr. Hitselberger worked as a linguist for the Joint Special Operations Task Force in Bahrain. Tr. of Mot. Hr'g, Morning Session, 105, Sept. 6, 2013. His workplace was located in a Restricted Access Area. Hr'g Tr. 10.

The Government alleges that on April 11, 2012, two supervisors observed Mr. Hitselberger checking his email in a Restricted Access Area and then printing multiple pages

clearly marked as SECRET from a SECRET printer. Compl. ¶¶12-13, Aug. 6, 2012, ECF No. 1. The Government contends that Mr. Hitselberger was observed taking the classified documents from the printer, placing them into an Arabic-English Dictionary, and attempting to leave the building with the SECRET documents. *Id.* at ¶12. Mr. Hitselberger was stopped by his supervisor and his commanding officer after exiting the building and was asked to produce the documents he just printed. *Id.* The documents recovered from Mr. Hitselberger's backpack were marked as SECRET in red, bold type in the header and footer of each page. Tr. of Mot. Hr'g, Morning Session, 24–25. The documents contained the availability of improvised explosive devices in Bahrain, schedule for the monthly travel of a high-ranking commander in Bahrain and information about the locations of U.S armed forces in the region and their activities. Govt's Mem. in Supp. of Detention, 7, Ex. 7.

On April 11, 2012, NCIS Special Agents conducted a Command Authorized Search and Seizure of Mr. Hitselberger's living quarters in Bahrain. Compl. ¶14. Inside, Special Agents found documents classified as SECRET with the SECRET warning label cut off the top and bottom of the pages. Compl. ¶14. This document contained information about the location of U.S. forces and their undisclosed activities in the region. Govt's Mem. in Supp. of Detention, at 8, Exs. 10-11. The last document, located in the Hoover Institute's public library, was originally classified as SECRET. Govt's Mem. in Supp. of Detention at 10-11, Ex. 13. This document discusses gaps in U.S. intelligence with respect to the political situation in Bahrain. *Id.* at 10-11, Ex. 14. After investigation, it was determined that Mr. Hitselberger received the documents as an e-mail attachment sent to several persons on a distribution list. Compl. ¶14.

Defendant now asks this Court to dismiss Counts One through Three, arguing that 18 U.S.C. §793(e), is unconstitutionally vague as applied. Specifically, Mr. Hitselberger argues that

(1) the phrase "relating to the national defense" covers too much information to draw a clear line between criminal and non-criminal conduct, (2) the statute fails to specify what constitutes a culpable *mens rea*, and (3) the phrase "used to the injury of the United States" has no judicial gloss and is unconstitutionally vague.

### III. ANALYSIS

Mr. Hitselberger argues that 18 U.S.C. §793(e) violates the fair warning requirement under the Due Process Clause of the Fifth Amendment because the clauses are vague, and thus do not provide him notice as to what conduct is criminalized under the statute. *See United States v. Lanier*, 520 U.S. 259, 266 (1997). The Fifth Amendment imposes a clarity requirement on criminal statutes, requiring the legislature to set "reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent 'arbitrary and discriminatory enforcement.'" *Smith v. Goguen*, 415 U.S. 566, 572–3 (1974) (citations omitted). "[T]he touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *Lanier*, 520 U.S. at 267. This clarity, however, does not need to come from the statutory language alone. "[C]larity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute." *Lanier*, 520 U.S. at 266; *see also United States v. Morison,* 844 F.2d 1057, 1071 (4th Cir. 1988) ("[A]ll vagueness may be corrected by judicial construction which narrows the sweep of the statute within the range of reasonable certainty.").

18 U.S.C. Section 793(e) states:

Whoever having unauthorized possession of, access to, or control over any document, writing, code book, signal book, sketch, photograph, photograph negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the

4

> United States or to the advantage of any foreign nation, willfully communicates…or willfully retains the same and fails to deliver it to the officer of employer of the United States entitled to receive it…Shall be fined under this title or imprisoned not more than ten years, or both.

Mr. Hitselberger takes particular issue with the clauses: "relating to the national defense," "reason to believe could be used to the injury of the United States," and "willfully retains." As is discussed further below, courts have uniformly held that the judicial gloss on these clauses provides sufficient notice of what conduct is criminalized under 18 U.S.C. §793(e). *See generally, United States v. Morison*, 844 F.2d 1057 (4th Cir. 1988); *United States v. Kiriakou*, 898 F.Supp.2d 921 (E.D.Va. 2012); *United States v. Drake*, 818 F.Supp.2d 909 (D.Md. 2011); *United States v. Kim*, 808 F.Supp.2d 44 (D.D.C. 2011); *United States v. Abu-Jihaad*, 600 F.Supp.2d 362 (D. Conn. 2009); *United States v. Rosen,* 445 F.Supp.2d 602 (E.D.Va. 2006); *United States v. Morison*, 622 F.Supp. 1009 (D.Md. 1985).

This court easily dismisses Mr. Hitselberger's challenge of the phrase "used to the injury of the United States." As numerous other courts have recognized, 18 U.S.C. §793(e) criminalizes retention of two types of information: tangible items and intangible information. *United States v. Aquino*, 555 F.3d 124, 128 (3rd Cir. 2009); *United States v. Kiriakou*, 898 F.Supp.2d at 923; *United States v. Kim*, 808 F.Supp.2d at 51-52; *United States v. Drake*, 818 F.Supp.2d at 916-917. The "document" clause criminalizes a defendant's willful retention of tangible items "relating to the national defense" while the "information" clause criminalizes a defendant's willful communication of intangible information "relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States, or to the advantage of any foreign nation" to a person not entitled to receive it. In essence, the "information" clause imposes an additional *mens rea* requirement on the defendant, requiring

that the defendant know that the information could be used to injure the United States or advantage a foreign nation.

Mr. Hitselberger has been charged under the "document" clause of 18 U.S.C. §793(e). Govt's Opp'n to Def's Mot. for Vagueness, at 8; Superseding Indictment, ECF No. 30 at 1-3. As such, the additional *mens rea* clause "which information the possessor has reason to believe could be used to the injury of the United States" is inapplicable to Mr. Hitselberger's prosecution. "The usual rule is that the alleged vagueness of a criminal statute must be judged in light of the conduct that is charged to be violative of the statute." *Kolender v. Lawson*, 461 U.S. 352, 369 (1983) (J., White, dissenting). *See also, United States v. Mazurie,* 419 U.S. 544, 550 (1975); *United States v. Powell,* 423 U.S. 87, 92-93 (1975). Because Mr. Hitselberger is not charged under the "information" clause here, he has no standing to challenge the phrase "used to the injury of the United States" as vague.[1]

Mr. Hitselberger next argues that the clause "relating to the national defense" is impermissibly vague, as it does not give defendants enough notice of the substantive content that cannot be retained. He first notes that "relating to the national defense" has "consistently been construed broadly," *United States v. Rosen*, 445 F.Supp.2d 602, 620 (2006), and that this definition includes innocuous information of alarming breadth. *United States v. Heine*, 151 F.2d 813, 815 (2d Cir. 1945) (explaining that the accepted definition includes information about supplies collected for the armed services such as food, water, and clothing). While this might be true, the Supreme Court has found the phrase "relating to the national defense" to be sufficiently

---

[1] Mr. Hitselberger also argues that the phrase "used to the injury of the United States" does not clearly define how significant the injury must be, thus running afoul of First Amendment freedom of speech protections. Def's Mot. for Vagueness at 15, March 1, 2013, ECF No. 40. This court does not address this First Amendment argument as Mr. Hitselberger does not have standing to challenge this phrase.

6

definite "to apprise the public of prohibited activities" and to be "consonant with due process." *Gorin v. United States*, 312 U.S. 19, 28 (1941). As *Gorin* notes, "from the standpoint of military or naval strategy it might…be dangerous to us for a foreign power to know our weaknesses and our limitations." *Id.* at 31. And every court to consider this issue has consistently rejected a constitutional vagueness challenge to this phrase. *United States v. Squillacote*, 221 F.3d 542, 580 n.23 (4th Cir. 2000); *United States v. Boyce*, 594 F.2d 1246, 1252 n. 2 (9th Cir. 1979) (upholding the language of 18 U.S.C. §§793 and 794); *Morison*, 844 F.2d at 1070-1073; *Kim*, 808 F. Supp.2d at 52-55; *Drake,* 818 F. Supp.2d at 918-19; *Dedeyan*, 584 F.2d at 39; *United States v. Abu-Jihaad*, 600 F. Supp.2d 362, 385 (D.Conn. 2009); *Rosen*, 445 F. Supp. 2d at 617-22. Certainly defendant cites no cases to the contrary.

Mr. Hitselberger's vagueness challenge is particularly unpersuasive in light of the alleged content of the documents he retained. The documents contained highly sensitive information, including information about U.S. troop movements, activities in the region, the availability of improvised explosive devices, and gaps in U.S. intelligence of the political situation in Bahrain. Govt's Mem. in Supp. of Detention, at 7–11. These documents were marked as SECRET, a classification level that applied to information that, "if lost or compromised, would cause serious damage to the security of the United States." Govt's Mem. in Supp. of Detention, Ex. 1; Compl. ¶8.

Even if the classification system is not 100% accurate, as Mr. Hitselberger claims, his training places him on notice that the government considers information contained in classified documents important to national security. *See United States v. Dedeyan*, 584 F.2d 36, 41 (4th Cir. 1978) (finding that a document related to the national defense based on its content, notwithstanding its improper classification); *United States v. Kiriakou*, 898 F.Supp.2d 921, 925

(E.D.Va. 2012) (finding that defendant, "a government employee trained in the classification system…could appreciate the significance of the information" within the documents and was thus sufficiently placed on notice for purposes of a vagueness challenge); *United States v. Rosen*, 445 F.Supp.2d 602, 623 (E.D.Va. 2006) ("[W]hile the language of the statute, by itself, may lack precision, the gloss of judicial precedent has clarified that the statute incorporates the executive branch's classification regulations, which provide the requisite constitutional clarity."). Given the record before the Court, it appears that the documents here would comfortably qualify as "relating to the national defense." *See generally*, *Morison,* 844 F.2d at 1074 (rejecting vagueness challenge to §793(d) based in part on defendant's knowledge that information was classified as "Secret"); *Kim*, 808 F.Supp.2d at 53 (rejecting vagueness challenge to §793(e) in an almost identical scenario).

Mr. Hitselberger argues, finally, that the *mens rea* element of §793(e) is unconstitutionally vague. Section 793(e) proscribes the "willful" retention of certain documents. Mr. Hitselberger argues that the term "willful" can take on different meanings in different contexts, thus allowing courts to reach disparate conclusions as to the requisite *mens rea* necessary to violate the Act. Mr. Hitselberger relies on *United States v. Rosen* and *Gorin v. United States* to argue that courts must impose an "additional and significant scienter requirement" above the standard definition of "willfulness," such as a showing of evil purpose. *Rosen*, 445 F.Supp.2d at 625; *Gorin v. United States*, 312 U.S. 19, 27-28 (1941).

Mr. Hitselberger incorrectly relies on these cases, which interpret a different scienter requirement. In *Gorin*, the Court interpreted a predecessor statute that required the defendant to act with "intent or reason to believe that the information to be obtained is to be used to the injury of the United States or to the advantage of any foreign nation." *Gorin*, 312 U.S. at 21, n.1. *Rosen*

8

interpreted the *mens rea* requirement in the "information" clause, which similarly requires the defendant to "have reason to believe that [the information] could be used to the injury of the United States, or to the advantage of any foreign nation." *Rosen*, 445 F.Supp.2d at 625-7. As already noted above, this additional scienter language is not applicable to the willfulness standard in the "documents" clause, under which Mr. Hitselberger has been charged.

Although "willfulness" may be considered a "word of many meanings" *Bryan v. United States*, 524 U.S. 184, 191 (1998), even a simple scienter requirement may mitigate a statute's vagueness, "especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982). "[W]here the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law." *Screws v. United States*, 325 U.S. 91, 102 (1945).

In cases involving the "documents" clause, a simple "willfulness" standard is sensible, as "a defendant will more readily recognize a document relating to the national defense based on its content, markings or design than it would intangible or oral 'information.'" *United States v. Drake*, 818 F.Supp.2d 909, 917 (D.Md. 2011); *see also* S. Rep. No. 2369, pt.1, 81st Congress, 2nd Sess., 8-9 (1950); *New York Times Company v. United States*, 403 U.S. 713, 738, n.9 (1971) (J., Stewart, Concurring) (comparing §793(e) to §793(d) and finding that "in prosecuting for communicating or withholding a 'document' as contrasted with similar action with respect to 'information' the Government need not prove an intent to injure the United States or benefit a foreign nation" but instead only needs to prove "willful and knowing conduct"); *Rosen*, 445 F.Supp.2d at 626 ("[I]f a person transmitted classified documents relating to the national defense

to a member of the media despite knowing that such an act was a violation of the statute, he could be convicted for 'willfully' committing the prohibited acts even if he viewed the disclosure as an act of patriotism.") (emphasis omitted).

Moreover, simple willfulness has never been held to be unconstitutionally vague. The Supreme Court interpreted "willfulness" in *Bryan v. United States*, 524 U.S. 184 (1998) and held that "in order to establish a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'" *Bryan*, 524 U.S. at 191-2 (quoting *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994)). The *Bryan* Court accepted jury instructions, which explained "willfulness" as follows:

> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.

*Bryan*, 524 U.S. at 190. Thus, the core of "willful" misconduct is to act with the knowledge or intent to disregard the law, not an evil intent to injure the United States.

And courts have consistently interpreted the "willful" *mens rea* standard in 18 U.S.C. §793(e) as acting with a bad purpose, refusing to find the term unconstitutionally vague. *See United States v. Truong Dinh Hung*, 629 F.2d 908, 919 (4th Cir. 1980); *United States v. Kiriakou*, 898 F.Supp.2d 921, 923 (E.D.Va. 2012); *United States v. Kim*, 808 F.Supp.2d 44, 53-4 (D.D.C. 2011) (adopting the *Bryan* standard and noting that "[b]ecause the Government must prove that Defendant knew his conduct was unlawful, he cannot complain that he did not have fair warning that he could be criminally prosecuted for his actions."); *United States v. Morison*, 622 F.Supp. 1009, 1010 (D.Md. 1985) (holding that it is irrelevant under the documents clause whether the defendant believed the items to relate to the national defense). This court joins the

weight of authority to find that the "willful" *mens rea* standard in 18 U.S.C. §793(e) is not unconstitutionally vague.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to find 18 U.S.C. §793(e) unconstitutionally vague is **DENIED**.  Although Mr. Hitselberger has requested that the Court provide limiting instructions that define the terms he claims are vague, this court will wait until a later date to consider jury instructions. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  December 3, 2013                                          RUDOLPH CONTRERAS
                                                                                         United States District Judge