UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**
APR 2 5 2014
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 12-CR-231 (RC) |
| v. ) | |
| ) | |
| JAMES HITSELBERGER, ) | Count One: |
| ) | 18 U.S.C. § 1924 |
| Defendant. ) | Unauthorized Removal and |
| ) | Retention of Classified Documents |

## STATEMENT OF OFFENSE

Should this matter proceed to trial, the United States of America would prove the following facts beyond a reasonable doubt:

1. On or about April 11, 2012, the defendant JAMES HITSELBERGER ("HITSELBERGER") was employed as a contractor of the United States, in which capacity he worked as an Arabic linguist at the Naval Support Activity Bahrain, located in the Kingdom of Bahrain. At that time, the defendant possessed a United States government security clearance and was aware of the laws and rules regarding the handling and storage of classified information. By virtue of his role as a contractor of the United States while at the Naval Support Activity Bahrain, HITSELBERGER obtained access to documents and materials containing classified information of the United States, and obtained access to a Restricted Access Area at Naval Support Activity Bahrain, where such classified documents and materials were retained and stored. HITSELBERGER was not allowed to take classified documents and materials outside of the Restricted Access Area.

2. On or about April 11, 2012, HITSELBERGER used a SECRET computer system inside the Restricted Access Area to access two electronic documents containing classified information of the United States. One of the classified documents was a Joint Special Operations Task Force Situation Report ("SITREP") dated April 11, 2012 (SITREP 104). The other classified document was a Navy Central Command ("NAVCENT") Regional Analysis dated April 9, 2012. Each document contained classified information and was marked SECRET. Defendant separately printed both documents from a SECRET printer, which was itself marked SECRET, and intentionally placed both documents inside his backpack. HITSELBERGER then exited the Restricted Access Area and walked out of the building in which the Restricted Access Area was located. HITSELBERGER knowingly carried the classified documents with him in his backpack and intended to retain them at an unauthorized location.

3. After HITSELBERGER left the building containing the Restricted Access Area, two members of the U.S. military, one of whom had observed HITSELBERGER printing the classified documents and secreting them in his backpack, stopped him. They requested that he remove the documents from his backpack, and HITSELBERGER complied. At the time that he possessed the documents in his backpack, the defendant was aware that he had no authority to remove or retain the documents. The defendant knew that his backpack was not an authorized container for storage of classified documents, and the defendant knew that he was not authorized to remove classified documents from the Restricted Access Area at all.

Respectfully submitted,

_____
Ronald C. Machen Jr.
United States Attorney


_____
Jay I. Bratt
Thomas A. Bednar
Assistant United States Attorneys


_____
Deborah A. Curtis
Elizabeth Cannon
U.S. Department of Justice Trial Attorneys

DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 4/25/14

James Hitselberger
Defendant


ATTORNEY'S ACKNOWLEDGMENT

I have discussed this Statement of Offense with my client, James Hitselberger, and concur with his decision to stipulate to this Statement of Offense.

Date: 4/25/14

Mary Manning Petras
Attorney for Defendant